UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE A. RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1838-B |
| | § | |
| OFFICER NFN PENA, | § | |
| | § | |
| Defendant. | § | |

## ORDER DECLINING TO ADOPT THE MAGISTRATE JUDGE'S RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court are the Magistrate Judge's Findings, Conclusions, and Recommendation on Defendant Officer Pena's Motion for Summary Judgment (doc. 29), filed December 21, 2009. The Magistrate Judge recommends granting Defendant Officer Pena's motion for summary judgment on his affirmative defense of qualified immunity. The Court held a hearing on the Magistrate Judge's findings and recommendation on July 28, 2010. For the reasons set forth on the record, and incorporated herein, the Court declines to adopt the Magistrate Judge's recommendation, finding that a genuine issue of material fact remains as to whether excessive force was used during Plaintiff Joe A. Rodriguez's arrest.

The parties in this case present materially conflicting versions of the events surrounding Plaintiff Rodriguez's apprehension by Officer Pena. From his sworn complaint and responses to the Magistrate Judge's interrogatories, Plaintiff Rodriguez maintains that Defendant Officer Pena, in the course of arresting him, tackled him to the ground, handcuffed him and then, while Rodriguez was handcuffed, repeatedly banged Rodriguez's his head and face against the ground causing injuries to

his face, knees, forearm and hand.[1] Rodriguez maintains that, once he was stopped by Pena, he did not resist Pena's attempt to handcuff him. In contrast, Defendant Officer Pena offers a starkly different version of events. Pena maintains that Rodriguez's injuries were the result of the two of them falling to the ground after Rodriguez, who was running from Pena, stopped suddenly and Pena ran into him. (Def.'s Br. at 4-6) (citing Def.'s App.)) Pena maintains, in contrast to Rodriguez, that Rodriguez resisted Pena's attempts to handcuff him once the two men were on the ground. (*Id.*)

Whether Pena banged Rodriguez's head on the pavement after he was handcuffed and compliant, as Rodriguez maintains or whether Rodriguez, in fact, resisted Pena's attempts to arrest and handcuff him causing his own injuries constitutes a key factual dispute calling for credibility determinations by the court. Such credibility determinations are inappropriate *via* summary judgment. *See Goffney v. Sauceda,* No. 08-20233, 2009 WL 2029812, at *3 (5th Cir. July 13, 2009) (finding district court erred in making a credibility determination regarding the circumstances surrounding an arrest on summary judgment). Based on the factual dispute over the events surrounding Plaintiff Rodriguez's arrest, it is impossible to determine whether Pena's actions were objectively reasonable as a matter of law entitling him to qualified immunity. Consequently, Pena's motion for summary judgment on his defense of qualified immunity must be **DENIED** at this juncture.[2]

---

[1] While the Court is not required to consider these portions of the record, because they are sworn to under penalty of perjury, the Court may use its discretion to consider them as competent summary judgment proof. *Bookman v. Shubzda*, 945 F. Supp. 999, 1003 (N.D. Tex. 1996) (Fitzwater, J.); *Skotak v. Skotak v. Tenneco Resins, Inc.*, 935 F. 2d 909, 915 n. 7 (5th Cir. 1992).

[2] The decision to deny summary judgment should not be construed as precluding Pena's qualified immunity defense. This decision is based upon a dispute over the facts as opposed to any legal issue. If the factual disputes are not resolved before trial, the issue of Pena's qualified immunity defense is not waived but may be submitted to a jury. *Snyder v. Trepaginier*, 142 F.3d 791, 799, 800 (5th Cir. 1998) (citing *Melear*

In sum, after a review of the Magistrate Judge's findings and recommendation on Officer Pena's Motion for Summary Judgment, the Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation that Officer Pena's motion for summary judgment be granted on the issue of qualified immunity. Further, the Court **DENIES** Officer Pena's Motion for Summary Judgment, finding that there are genuine issues of material fact surrounding Rodriguez's arrest which must be resolved before his entitlement to qualified immunity can be determined as a matter of law.

SO ORDERED.

SIGNED July 29, 2010.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

*v. Spears*, 862 F.2d 1177, 1184 (5th Cir. 1989)).